**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:17-cr-00224-KBJ |
| VERSIE SEGERS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

Defendant was arrested on November 4, 2017, and charged by complaint with two instances of willfully damaging property belonging to or utilized or occupied by a foreign government, in violation of 18 U.S.C. § 970(a). He made his initial appearance before the undersigned on November 7, 2017, at which time the government moved to temporarily detain Defendant. At that hearing, the undersigned ordered Defendant to undergo an initial mental competency screening by a psychologist associated with the District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch ("DBH"). On November 16, 2017, Defendant was indicted on two counts of destruction of property occupied by a foreign government under 18 U.S.C. § 970(a). On November 17, 2017, the government filed a motion for a competency hearing, for pretrial detention, and for exclusion of time under the Speedy Trial Act. When Defendant appeared on November 20, 2017, for his arraignment and detention hearing, the undersigned found, based on the initial competency screening report prepared by the DBH psychologist, that there was reasonable cause to believe that a full mental competency evaluation of Defendant was warranted. Accordingly, the Court stayed the arraignment and detention hearing and thereafter

ordered that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days for placement in a suitable facility for a competency evaluation, pursuant to the provisions of 18 U.S.C. §§ 4241, 4247(b) and (c), and Local Criminal Rule 57.1 7(a)(14). [Dkt. 7].

On December 8, 2017, the government filed a progress report and requested a status conference to address a delay in transporting Defendant to a facility for his competency evaluation. [Dkt. 8]. On December 12, 2017, the Honorable Ketanji Brown Jackson, United States District Judge, referred this case, *nunc pro tunc*, to the undersigned for purposes of determining Defendant's competency.

On December 13, 2017, Defendant arrived at the Federal Medical Center, Butner ("FMC Butner") for the evaluation. On December 22, 2017, the facility requested an extension of 15 days to formulate a more thorough diagnostic impression and opinion as to Defendant's competency to stand trial, which was granted. [Dkt. 13]. The time to complete the evaluation was therefore extended to January 26, 2018. [Dkt. 14]. A competency hearing, detention hearing, and arraignment was ultimately scheduled for February 22, 2018.

On February 2, 2018, the Court received the forensic evaluation of Defendant from a forensic psychologist at FMC Butner. While at FMC Butner, Defendant agreed to begin a course of medication, which he received in an injectable form that requires a shot every four weeks, and expressed a desire to remain on such medication. *Id.* at 6, 8. The forensic psychologist found that Defendant, having been medicated, "is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense" and that, therefore, "he is competent to stand trial." Forensic Evaluation at 8. The evaluator found that Defendant was compliant, cooperative, polite, and respectful during the evaluation period. *Id.* at

5. His thought processes were rational, coherent, and organized, and his statements were generally devoid of delusional content. *Id.* at 6. He stated that symptoms he had previously reported were "more manageable on medication," and the evaluator noted that he did not appear to be suffering from such symptoms during the evaluation. *Id.*

As to his competency to stand trial, the forensic psychologist found that Defendant displayed an adequate understanding of the roles of individuals in the courtroom and of the adversarial court system. *Id.* at 7. He could explain the pleas available to a criminal defendant, including the plea of not guilty by reason of insanity, and understood the basic terms used in court. *Id.* He was able to explain the crimes with which he was charged and the conduct of which he is accused. *Id.* He further denied having any reservations about working with the Assistant Federal Public Defender who has been appointed to represent him. *Id.* Based on this evidence, the forensic psychologist found that Defendant "is capable of understanding his options and making rational choices among them," and that he "maintains appropriate self-interest in the outcome of his case." *Id.* at 8. She further found that he has "has the reasoning ability to choose between alternatives when important decisions are at stake, such as decisions regarding courtroom strategy and whether or not he would plead guilty." *Id.* Her report concludes by recommending that Defendant be maintained on his medication to ensure he remains competent through these legal proceedings. *Id.*

The competency hearing required by 18 U.S.C. §§ 4241(c) and 4247(d) was held as scheduled on February 22, 2018. At that hearing, neither Defendant's counsel nor the government objected to the forensic psychologist's findings and conclusions. The undersigned also concurs in the findings and conclusions found in the forensic evaluation. Accordingly, for the reasons stated on the record at the hearing and in this Order, it is hereby

**ORDERED** that upon consideration of the entire record herein, the undersigned finds by a preponderance of the evidence that Defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**SO ORDERED.**

Date: February 23, 2018

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE